Kurtz Estate

*Joseph F. Harvey,* for accountant.

MacElree, P. J., December 13, 1967.— . . . Decedent, an unmarried woman, leaving to survive her neither spouse, nor issue, nor adopted children, died February 7, 1967, leaving a will dated July 31, 1962, which was duly probated and upon which letters testamentary were granted February 23, 1967.

By the terms of her will, decedent provided, inter alia, as follows:

"SECOND: I give and bequeath all of my household goods and furnishings, my china and my silverware, including any insurance on such property, to my sister-in-law DORIS E. KURTZ, if she be living at my death, and if not, to my nephew, RONALD J. KURTZ. I desire but do not direct that Doris or Ronald, as the case may be, distribute such property in substantially equal shares to my nieces and nephews, RONALD J. KURTZ, JEAN M. KURTZ, CATHY D. KURTZ and CAROL ANN KURTZ, or the survivors, giving due consideration to their wishes in the matter. This provision is precatory and not mandatory.

"THIRD: All of the rest, residue and remainder of my property, real, personal and mixed, and wherever the same is situate, I give devise and bequeath in equal shares to my nephews and nieces: RONALD J. KURTZ, JEAN M. KURTZ, CATHY D. KURTZ and CAROL ANN KURTZ, or the survivors.

"FOURTH: If any of my said nieces and nephews are minors at my death, I appoint NATIONAL BANK OF MALVERN to be the Guardian of the estate of any such minors, and if at that time any of said minors are in my custody and control and have no Guardian of their person appointed, then I appoint RICHARD P. ELTON of Columbia Bible College, Columbia, South

558

Carolina, to be the Guardian of the person of each such minor.

"FIFTH: I direct the Guardian of the estate of any minors to apply such amount of income and principal from each share held for the benefit of a minor as it, in its sole discretion, shall deem proper for the support, education and welfare of such minor. Such amount may be applied directly or may be paid to the person with whom such minor resides or who has care, custody and control of such minor. Guardian shall not be obligated to supervise or inquire into the application of such amounts by such person and the receipt thereof shall be a complete release of Guardian".

The petition of the accountant suggested that of decedent's nieces and nephews, Jean M. Kurtz, Cathy D. Kurtz and Carol Ann Kurtz are minors.

In keeping with the petition of the accountant, counsel for the accountant suggested at audit that the distributive shares to the aforesaid minor legatees being in each instance less than $2,500 might be awarded under the provision of article X, sec. 1001 of The Fiduciaries Act of April 18, 1949, P. L. 512, to Doris E. Kurtz, their parent and natural guardian.

In the opinion of this court, the provisions of section 1001 are applicable only where distribution is awarded to minors without the appointment of a guardian.

As we construe the act, it is not contemplated that the court has authority to disregard the provisions of decedent's will appointing testamentary guardians.

In the subject estate, specific discretionary authority is vested in the testamentary guardian, in its sole discretion as to application of both principal and income for the support, education and welfare of such minor.

Accordingly, we must decline to accede to the suggestion which would be applicable except for such testamentary appointment. . . .